

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-2002

# United Mobile Homes v. ING Inv Mgmt LLC

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1753

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"United Mobile Homes v. ING Inv Mgmt LLC" (2002). *2002 Decisions*. Paper 299.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/299

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-1753


UNITED MOBILE HOMES, INC.

Appellant


v.


ING INVESTMENT MANAGEMENT, LLC



Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 00-cv-3375)
District Judge: Honorable William H. Walls


Submitted Under Third Circuit LAR 34.1(a)
February 25, 2002

Before: ROTH and FUENTES, Circuit Judges
GIBSON*, Circuit Judge

( Opinion filed : May 24, 2002 )




     * Honorable John R. Gibson, Senior Circuit Court Judge for the Eighth Circuit,
sitting by designation.

                         - OPINION -

ROTH, Circuit Judge:

     Appellant United Mobile Homes (UMH) appeals the order of the United States
District Court for the District of New Jersey, granting appellee ING Investment
Management, LLC's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).
     We have appellate jurisdiction from a final order of judgment pursuant to 28
U.S.C.  1291.  We exercise plenary review over complaints dismissed for failure to state
a claim under Fed.R.Civ.P. 12(b)(6).  See Ditri v. Caldwell Banker Residential Affiliates,
Inc., 954 F. 2d 869, 871 (3d Cir. 1992) and Breyer v. Meissner, 214 F.3d 416, 421 (3d
Cir. 2000).
     In reviewing a motion to dismiss, the non-moving party is given the benefit of all
reasonable inferences that can be drawn from the allegations in the complaint, and the
court must accept these allegations as true.  Breyer v. Meissner, 214 F. 3d 416, 421 (3d
Cir. 2000) citing Lake v. Arnold, 112 F. 3d 682, 642 (3d Cir. 1997) and D.R. v. Middle
Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1367 (3d Cir. 1992), cert. denied,
113 S. Ct. 1045 (1993).  A court may also consider an undisputedly authentic document
that a party attaches as an exhibit to a motion to dismiss for failure to state a claim under

Fed.R.Civ.P. 12(b)(6) if the party's claims are based on that document. See Pension Ben. Guar.Corp. V. White Consol. Ind., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied 114 S. Ct. 687 (1994).

In April 1999, UMH applied for a commercial loan from ING and submitted a deposit. ING rejected the loan application and returned the deposit. One year later, UMH brought suit against ING, alleging (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) misrepresentation, (4) promissory estoppel, (5) quantum meruit, (6) negligent misrepresentation, and (7) tortious bad faith. The District Court granted ING's motion to dismiss all seven counts pursuant to Fed.R.Civ.P. 12(b)(6). We will affirm the judgment of the District Court.

Based upon the provisions of the loan applications and of the New Jersey Statute of Frauds, N.J.S.A. 25-1(f), the District Court found that no enforceable written contract/agreement was formed between UMH and ING. UMH contends, however, that the Statute of Frauds was satisfied because an actual "writing" did exist. This alleged writing was the modified loan application submitted to UMH from ING. UMH returned the completed loan application to ING with a deposit of $75,000. UMH contends that this act of returning the completed loan application with a deposit was its acceptance of ING's "offer" and the completed loan application was the written contract/agreement.

The District Court correctly concluded that for this "writing" to be considered a contract, ING would have had to accept the loan application as the contract. ING, however, denied the loan application. Therefore, no written contract/agreement existed.

In addition, the District Court found that no intentional or negligent misrepresentation had occurred. UMH alleges, however, that ING falsely represented that, if UMH qualified for a multi-million dollar loan, ING would be willing to lend UMH the money. The District Court found this to be a conditional statement that does not misrepresent a presently existing or past fact. It was nothing more than a statement of a possible future conditional event. Thus, this statement fails to meet the requirements of a claim of intentional misrepresentation.

The District Court also found that UMH had failed to meet the elements of the doctrine of promissory estoppel and that UMH's claim for quantum meruit was deficient on its face.

Our review of the record convinces us that the District Court did not err in dismissing the complaint. For the above reasons, we will affirm the judgment of the District Court.


TO THE CLERK:

Please file the foregoing Opinion.


By the Court,


/s/ Jane R. Roth
Circuit Judge